**In re Ronald Richard HERBST &
Greta Fay Herbst, Debtors.**

**Bankruptcy No. 94–04311.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

May 25, 1994.

Ronald Richard Herbst and Greta Fay Herbst, pro se.

Janice L. Burke, Shalimar, FL, for N.W. Florida Recovery.

Patricia Warren, Ft. Walton Beach, FL, for Ray Hudson Enter. & White Sands.

William Miller, Tallahassee, FL, Trustee.

## ORDER AWARDING SANCTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on May 20, 1994 on the motion of the debtors for the imposition of sanctions pursuant to 11 U.S.C. § 362 against White Sands Auto Sales, Ray Hudson Enterprises, and Northwest Florida Recovery, Inc. for willful violation of the automatic stay. The debtor appeared pro se and Ray Hudson and Brian Sparling appeared as witnesses for Ray Hudson Enterprises and Northwest Florida Recovery, Inc. Neither respondent was represented by counsel. White Sands Auto Sales did not appear. Having considered the testimony and documents presented by the debtor and by the witnesses appearing on behalf of Ray Hudson Enterprises and Northwest Florida Recovery, Inc., I make the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

The debtors filed their Chapter 7 petition for relief on April 15, 1994. In the summer of 1993, the debtors had purchased a 1987 Ford Escort automobile from White Sands Auto Sales and financed the vehicle through Ray Hudson Enterprises. The certificate of title to the vehicle reflects Ronald R. Herbst as the registered owner with Ray Hudson Enterprises as the first lienholder. On April 14, 1994, the day before the petition for relief was filed, two mechanics from White Sands Auto Sales, apparently working on behalf of Ray Hudson Enterprises came to Mr. Herbsts' house and ostensibly repossessed the car and took it to the White Sands Auto Sales lot. Mr. Herbst went to the lot with the individuals and spoke with the lot manager and advised him that he had previously mailed payment for the vehicle. At that time the lot manager returned the keys to the vehicle to Herbst and Mr. Herbst left with the vehicle. The following day the petition was filed initiating this case. The debtor delivered a copy of the petition for relief to White Sands Auto Sales and the debtor advised Ray Hudson that he had filed bankruptcy. At hearing on this motion, Mr. Hudson acknowledged that all times he was aware that the debtor had filed the petition in bankruptcy.

On April 25, 1994, Mr. Hudson contacted Brian Sparling of Northwest Florida Recovery, Inc. and directed him to repossess the automobile. During the night of April 26th, Mr. Sparling repossessed the vehicle and took it to his impound lot. At the time he repossessed the vehicle, Mr. Sparling had no knowledge of the pendency of the bankruptcy proceeding. Since the repossession, the debtor has made efforts and requests for return of the vehicle but has been unsuccessful in obtaining a return. The debtor sought legal assistance in obtaining the return of the vehicle and hired an attorney, Robinson R. Harrell who attempted to negotiate for a return of the vehicle and finally filed the instant motion.

At the hearing the debtor testified and presented summaries of his actual expenses and damages as a result of the repossession of his automobile. Mr. Harrell has billed the debtor attorney's fees in the amount of $1,767.75 plus costs of $21.20 for a total of $1,788.95 for his assistance in attempting to regain possession of the automobile. The debtor is self-employed as a process server and depends on the availability of his automobile to perform his business. As a result of being deprived of use of his vehicle, the debtor presented a summary of a total of $1,262.00 in either actual lost business or refunds which he had to make on previously paid services which he was unable to perform. Thus, the loss of use of the vehicle has resulted in $3,050.00 actual damages to the debtor.

Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of a petition for relief under the Bankruptcy Code gives rise to an automatic stay applicable to "all entities" of

(5) Any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) Any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this Title;

11 U.S.C. § 362(a)(5) and (6). The provisions of § 362(h) provide that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."

 In this case, it is clear that the actions of Ray Hudson Enterprises and Northwest Florida Recovery, Inc. in repossessing the debtor's automobile following the filing of the petition for relief were in violation of the automatic stay provided by § 362(a) of the Bankruptcy Code. Furthermore, by taking such action at a time when he admittedly had actual knowledge of the filing of the bankruptcy, Mr. Hudson acted willfully in violating the automatic stay. Mr. Hudson's attempts to justify his actions by arguing that the debtor had been in default in his payments on the vehicle for a lengthy period of time, that the debtor had signed an agreement agreeing to relinquish the vehicle in case of further defaults are unavailing. While those factors may have supported a request for relief from the stay had one been filed, they do not justify the knowing and willful violation of the stay. Furthermore, the fact that Ray Hudson Enterprises may not have been included in the initial list of creditors and mailing matrix filed by the debtor with his petition do not excuse Mr. Hudson's actions. Mr. Hudson admittedly had knowledge of the filing of the petition and by its terms the stay of § 362 applies to all entities, not just those which are listed as creditors in the papers filed with the court.

 While Northwest Florida Recovery, Inc. acted initially without knowledge of the bankruptcy petition, once it became aware that the petition had been filed and that the repossession of the automobile was in violation of the automatic stay, it had a duty to return the property to the debtor. Its failure to do so thus constitutes a willful violation of the automatic stay. However, in view of the fact that Northwest Florida Recovery acted at all times at the direction of Ray Hudson Enterprises and that it acted initially without knowledge of the existence of the automatic stay, I find that liability for damages should be apportioned so that Ray Hudson Enterprises shall be responsible for $2,050.00 of the debtor's damages and North-

west Florida Recovery, Inc. shall be liable for $1,000.00 of the debtor's damages.

There being no evidence presented showing that White Sands Auto Sales took any actions in violation of the automatic stay, no sanctions will be awarded against that entity.

Based on the foregoing findings of fact and conclusions of law it is accordingly

HEREBY ORDERED AND ADJUDGED that:

1) The debtors, Ronald and Greta Herbst are hereby awarded the sum of $3,050.00 pursuant to the provisions of 11 U.S.C. § 362(h) as actual damages for the willful violation of the automatic stay by Ray Hudson Enterprises and Northwest Florida Recovery, Inc.

2) Ray Hudson Enterprises is hereby ordered to pay the sum of $2,050.00 to the debtors within thirty (30) days from May 20, 1994.

3) Northwest Florida Recovery, Inc. is hereby ordered to pay the sum $1,000.00 to the debtors within thirty (30) days of May 20, 1994.

DONE AND ORDERED.